# CDH LAW PLLC

October 3, 2025

Hon. Brenda K. Sannes
Chief United States District Judge
Federal Building and U.S. Courthouse
100 S. Clinton Street
Syracuse, New York 13261

CLIFTON C. CARDEN III, ESQ.
315 930 4078

MATTHEW D. DOTZLER, ESQ.
315 930 4079

J. DAVID HAMMOND, ESQ.
315 930 2473

BRIAN N. TEDD, ESQ.
315 930 4069

NICOLAS HURTADO, ESQ.
315 930 4070

*Re:* **Immediate sentence request**
      *United States of America v. Alex Ben Chipin*
      **Case No.: 5:25-mj-00269**

Dear Judge Sannes:

    I am writing to request that this Court waive the formal Presentence Investigation Report procedure and immediately proceed to sentencing following the Defendant's plea of guilty. Under Rule 32(c)(1)(A)(ii) of the Federal Rules of Criminal Procedure, a Presentence Investigation Report can be waived if this Court finds that "the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the Court explains its finding on the record." Mr. Chipin appeared before the Hon. Therese Wiley Dancks for an initial appearance on September 8, 2025, and Pretrial Services prepared a report, but did not interview him. Accordingly, a partial Pretrial Services Report is available for the Court's review. Set forth below are the 18 U.S.C. § 3553(a) factors regarding the Defendant for sentencing consideration.

    Mr. Chipin is prepared to execute a Waiver of Indictment and enter a plea of guilty to an Information charging him with Illegal Reentry pursuant to 8 U.S.C. § 1326(a). On September 4, 2025, immigration authorities arrested Mr. Chipin near Cato, New York, in Cayuga County in the Northern District of New York. After freely admitting that he was not a U.S. Citizen, and in the country illegally, he was arrested for the present offence.

    Mr. Chipin has two prior removals. On September 14, 2012, he pleaded guilty to improper entry by an alien and was sentenced to 10 days of imprisonment. Later, on September 21, Mr. Chipin was removed from the United States through Del Rio, Texas, to Mexico. On May 7, 2018, Mr. Chipin pleaded guilty to improper entry by an alien, in the District of Arizona, and he was sentenced to seventy-five days of imprisonment. On August 3, Mr. Chipin was removed from the United States to Guatemala, his native country.



  Mr. Chipin is the eldest of six siblings. His father abandoned the family, leaving Mr. Chipin's mother—now sixty years old—to raise the children on her own. In search of stable employment and better opportunities to support his mother and family, Mr. Chipin emigrated from Guatemala to the United States. He has been married for nine years and is the father of a one-year-old daughter. At this point, Mr. Chipin wishes to be deported to his home country so that he can begin working in Guatemala, repay his outstanding debts, and focus on improving his health. He respectfully asks the Court to allow him to return to Guatemala as soon as possible.

  Mr. Chipin is 39 years old. His criminal history category is II and his base offense level is 8. U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G.) § 2L1.2(a). Additionally, if he continues to show acceptance of responsibility for this offense, the offense level is decreased by two levels. U.S.S.G. § 3E1.1(a). This results in a total offense level of 6 and a guideline term of imprisonment of 1 to 7 months.

  Respectfully, counsel requests that the Court sentence Mr. Chipin to time served, which is a guideline sentence. By October 20, Mr. Chipin would have been in federal custody for around 42 days, which is within the guideline range. 42 days would be sufficient, but not greater than necessary, to comply with the punishment requirements of the Sentencing Reform Act. See 18 U.S.C. § 3553(a). It is almost certain that Mr. Chipin will be deported following the completion of his sentence. Defense counsel has advised him of the increased penalties he could face if he is found in this country again without the proper authorization and he is fully aware that a life in this country is no longer possible.

  Lastly, proceeding directly to sentencing following his plea would save valuable time and resources for the U.S. Probation Department, the U.S. Marshals, and the Court, as the Court's calendar will be lessened by condensing two proceedings into one. Mr. Chipin has a copy of the criminal complaint, the information, and the plea agreement in Spanish, his native language.

  For the above reasons, counsel respectfully requests that this Court proceed to sentencing after taking the Defendant's plea and consider a sentence of time served. We humbly submit that such a sentence is sufficient, but not greater than necessary, to comply with the punishment requirements of the Sentencing Reform Act.

Sincerely,

CDH Law, PLLC
By: Nicolas Hurtado, Esq.
Nicolas@lawcdh.com
Bar Roll No. 705315



LAWCDH.COM